IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** *as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificate, Series 2007-OSI,* | No. 3:24-cv-01712-AB |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **DORTHY ELIZABETH LEWIS AND ALL OCCUPANTS OF THE PROPERTY COMMONLY KNOWN AS 5272 20TH AVENUE, PORTLAND, OREGON 97211,** | |
| Defendants. | |

**BAGGIO, District Judge**:

Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a landlord tenant eviction lawsuit in Multnomah County Circuit Court against pro se Defendant Dorthy Elizabeth Lewis ("Defendant"). Notice of Removal [ECF 1], 13–16. Plaintiff seeks the removal of Defendant from the real property located at 5272 NE 20th Ave., Portland, OR 97211. *Id.* at 16. On October 8, 2024, Defendant removed this lawsuit from Multnomah County Circuit Court to this Court. *Id.* at 1–9. For reasons discussed below, because Defendant improperly removed this lawsuit and the District Court lacks jurisdiction, this lawsuit is remanded to state court.

Page 1 – OPINION AND ORDER

## STANDARD

Under 28 U.S.C. § 1441(a), when a case is filed in state court, but a federal court also may have jurisdiction because that case alleges a federal question or complete diversity between the parties exists, it may be removed from the state court and be lodged in federal court. That limited authority of a federal court is known as its subject matter jurisdiction. *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) federal question cases and (2) diversity of citizenship cases. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Badgerow v. Walters*, 596 U.S. 1, 7 (2022).

Removal jurisdiction requires the court to "remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003), as amended, 387 F.3d 966 (2004); 28 U.S.C. § 1447(c) (providing that the case must be remanded if district court lacks subject matter jurisdiction). Removal is proper only if the action might have been filed in federal court in the first instance as determined on the face of the plaintiff's complaint. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Lockyer*, 375 F.3d at 383 (citation omitted).

## DISCUSSION

The Court must remand this case to state court because it lacks subject matter jurisdiction. In her Civil Cover Sheet, Defendant asserts that the Court has jurisdiction based on federal question. Civil Cover Sheet [ECF 1–1]. The basis Defendant provides for the removal of this case is that she "cannot get a fair and impartial hearing of the TRUE merits of the case or any other case filed by [her] or against [her] in State Court." Notice of Removal, 1. Under federal question

jurisdiction, a plaintiff's claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, the plaintiff's complaint must state a cause of action arising under federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (removal jurisdiction is based on the contents of the plaintiff's complaint).

Here, Plaintiff's complaint fails to support federal question jurisdiction and Defendant cannot create jurisdiction by alleging counterclaims. *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) ("Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated."). Although Defendant has now pled civil rights violation counterclaims and third-party claims in this action, *see* Counterclaim [ECF 5], the underlying action is an eviction action. Notice of Removal, 13. Eviction actions are state law claims over which a federal court does not have jurisdiction. *Mgmt. Grp. Inc. v. Jacobson*, 3:24-CV-00530-HZ, 2024 WL 2053632, at *2 (D. Or. Apr. 10, 2024). Even if Defendant's alleged civil rights violations received in state court could constitute as a federal defense, the existence of a federal defense does not give this Court jurisdiction. *Id.*

Defendant has failed to meet her burden of establishing federal jurisdiction. *Lockyer*, 375 F.3d at 383. Removal jurisdiction requires this Court to "remedy the improvident grant of removal by remanding the action to state court." *Id.* Accordingly, under 28 U.S.C. § 1447(c), remand to Multnomah County Circuit Court is warranted here.

## COSTS AND FEES

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §1447(c). The court has discretion in granting an award of costs and fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The court is required to balance the need to deter improper removal while allowing

Page 3 – OPINION AND ORDER

defendants the right to remove under proper circumstances. *Id.* As held in *Martin*, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Plaintiff's eviction complaint is based solely on Oregon statutes and Oregon laws and is not dependent on any federal question. *See* Notice of Removal, 13–16. Moreover, Defendant was instructed by Judge Armistead[1] on July 3, 2024, (in her removed and then remanded adverse possession lawsuit) that removal of that case was improper despite her allegations that she was not receiving equal treatment in state court, because the allegations in the operative complaint were required to support either federal question or diversity jurisdiction. Edling Decl. [ECF 4], Ex. 2 at 5–6. Nonetheless, on October 8, 2024, over three months later, Defendant removed this case to federal court, again despite the lack of federal question or diversity jurisdiction alleged in the complaint. *See* Notice of Removal. It was unreasonable for Defendant to remove this case and Defendant lacks an objectively reasonable basis for seeking removal. *Martin*, 546 U.S. at 141.

Accordingly, in order to prevent future meritless removals by Defendant, the Court grants Plaintiff an award of costs and fees incurred in remanding this matter to state court.

---

[1] *Lewis v. PHH Mortgage Corp. et al.*, No. 3:24-CV-00978-AR, 2024 WL 3822806 (D. Or. July 3, 2024), adopted by 2024 WL 3822755 (D. Or. Aug. 14, 2024).

Page 4 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, the Court REMANDS this case to Multnomah County Circuit Court. Further, Plaintiff is awarded its reasonable costs and fees incurred as a result of the improper and unjustified removal. All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 12th day of November, 2024.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

Page 5 – OPINION AND ORDER